# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DOREEN PRICE, individually and
On behalf of all others similarly situated

Plaintiff,

V.                                              Case No: _____

GO FLORIDA INVESTMENTS INC.,
d/b/a Roelens Vacation Rentals and
Management, Roelens Vacations, and Roelens
Realty and Project Management, and
KOEN ROELENS,

Defendants.
_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOREEN PRICE, individually, and on behalf of all others similarly situated, who consent to their inclusion in this collective action, bring this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against Defendants, GO FLORIDA INVESTMENTS INC., d/b/a Roelens Vacation Rentals and Management, Roelens Vacations, and Roelens Realty and Project Management, and KOEN ROELENS (hereinafter collectively referred to as

"Defendants" or "Roelens") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime compensation and a premium for all hours worked over forty (40) each week.

## **INTRODUCTION**

1.    The Fair Labor Standards Act is our nation's foremost wage law.  The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers.  29 U.S.C. §§ 206(a) and 207(a).  It requires minimum wage and overtime pay for certain non-exempt employees.  29 U.S.C. §213.

2.    Plaintiff, Doreen Price ("Price" or "Plaintiff") worked for Defendants from approximately January, 2022 until December 2022 as Property Manager.

3.    Throughout Plaintiff's employment she was not paid a premium for overtime hours worked and was paid on a salary basis and she was subjected to numerous unlawful pay practices including being permitted to suffer to work off the clock and being misclassified from overtime pay.

4.    Defendants have maintained a scheme to avoid its obligations to pay overtime wages to its entire office staff and employees in order to save hundreds of

thousands of dollars in labor costs each year and maximize profits all to the detriment of its employees.

5.      Defendants mandate and require overtime hours of Plaintiff and numerous similarly situated employees but without paying overtime premiums; instead reaping the financial rewards and benefits of this extra, unpaid overtime work hours of Plaintiff and all others similarly situated.

6.      Defendants also discourage and take actions to dissuade, mislead,  and prevent full and accurate reporting of all work hours for all hours worked, and never provided any time clock, time tracking system or program, or procedure for reporting or recording work hours.

7.      Plaintiff, like her fellow property managers and misclassified employees who comprise this putative Class, she routinely worked at upwards of 10 plus hours each day and even 6 and 7 days a week, and thus more than 40 hours each week routinely, including expected and required to work "on call" all other times.

8.      All property managers, irrespective of the number of hours worked in any day or any work week, were paid a salary only and no premiums for overtime hours worked.

9.    Defendants willfully violated the FLSA by refusing to pay a premium or any additional pay for overtime hours they knew of, and hours they should have known were worked by Plaintiff and all other similarly situated property managers.

10.    Plaintiff, like her fellow Property Managers (hereinafter "PM") in the past three (3) years preceding the filing of this complaint, and still to this day, were systematically denied overtime pay for all hours they worked in excess of forty (40) on behalf of Defendants.

11.    Defendants maintained a common unlawful pay practice applicable to all persons employed as property managers, discouraging and misleading Plaintiff and the class of similarly situated from recording or reporting all hours worked as they were classified as salaried employees and Defendant did not require or utilize any time tracking system or program.

12.    Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendants for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff and others similarly situated overtime compensation; and (2) failing to maintain and preserve accurate and true records of all hours worked.

## **<u>FLSA CLASS DEFINITION AND RELIEF SOUGHT</u>**

13.     This collective action is to recover from Defendants overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> All persons employed by or performing work for Go Florida Investments Inc., d/b/a Roelens Vacation Rentals and Management or Roelens Realty and Property Management as property managers, or any other titles used  to describe persons performing similarly job requirements at any time within the three (3) years preceding this lawsuit to the day of trial.

## JURISDICTION AND VENUE

13.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§201-219, inclusive.

14.     This Court has personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida and also live and domicile in this state.

15.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, this is the home District where Defendants maintain a local and corporate office from where Plaintiff reported to for work.  In addition, Defendants' corporate offices

located in Cape Coral, Florida are likewise within this district and from where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16.    Upon information and belief, Defendant Go Florida Investments Inc. has revenues of $500,000.00 or more in the previous three (3) years and employs ten (10) or more employees.

17.    At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

## THE PARTIES

18.    At all times relevant to this action, Representative Plaintiff Doreen Price resided in Florida, and within this district, and at all times material, worked for Defendants as a Property Manager.

19.    Plaintiff worked for Defendants in this position for approximately 1 year and 4 months, working from or reporting to the Defendant's corporate office in Cape Coral, Florida.

20.    Plaintiff was paid a base salary of $40,000, but Defendant did not track and record her work hours, and never discussed the FLSA or overtime wage laws or the payment of premiums for overtime hours worked.

21.    Plaintiff was just paid this flat salary regardless of the number of hours over 40 she worked each week, and was paid some limited and minimal discretionary bonus that all property managers were eligible for.

22.    Defendant Koen Roelens is an employer as defined by 29 USC section 203d, as Koen Roelens is directly involved in decisions affecting employee compensation and hours worked by the Plaintiff and all other similarly-situated present and former employees.  Defendant Koen Roelens also directed the work and the day-to-day work activities that the Plaintiff and all others similarly situated had to follow, created the unlawful pay practices alleged here, and enforced those pay practices.

23.    Defendant, Go Florida Investments Inc. (GFII) is a Florida, for profit corporation with a principal place of business in Cape Coral, Florida located at 1404 Del Prado Blvd. S, Unit #110, Cape Coral, Florida 33990.   Defendant may be served through its registered agent, owner and CEO, Koen Roelens at the same address.  At all times material, Defendant GFII operated under numerous fictitious business names including:   Roelens Vacations, Roelens Vacation Rentals and Management and ReolensyI'm  Realty and Project Management.

24.    Defendant Koen Roelens, is the CEO of GFII and upon information and belief is the majority or sole shareholder of Go Florida Investments Inc..  Koen

Roelens is a resident of Florida and subject to the personal jurisdiction of this court with a home address of 1906 SE 10th Place, Cape Coral, Florida 33990.

25.    Defendant Koen Roelens also created, instituted and maintained the unlawful pay practices and schemes complained of herein, and was in charge of the day to day management of the company throughout the preceding 3 years to the present.

26.    Defendants Koen Roelens and GFII jointly own and do business under the numerous Florida registered fictitious business names and operate or manage numerous rental properties and vacation properties throughout Florida where similarly situated present and former employees worked from or reported to.

27.    As per Defendants' website, www.roelensvacations.com, Defendants operate, or manage homes in at least 14 different cities or geographic regions throughout the State of Florida, within the relevant three-year class period.

28.    Defendants boast on their website managing 250 homes in the Cape Coral area alone and employing 25 persons.

29.    During the relevant 3 year class period Defendants, upon information and belief, at certain times employed upwards of 10 property managers at any given time, all of whom were paid on a salary basis and misclassified as exempt regardless of any individualized job or duties analysis.

## GENERAL FACTUAL ALLEGATIONS

30.     Plaintiff, like all other property managers was paid on a salary basis, and eligible for some small, discretionary bonus.

31.     The Defendants scheme to violate the FLSA and the backbone of their unlawful pay practice was to classify all office worker employees as salaried exempt employees, including Program Managers, while concurrently misleading them through false statements and misinformation that they were not entitled to overtime premiums and that the company was complying with the FLSA.

32.     Plaintiff Price did not supervise 2 or more full time employees, and neither did any of the other PM Plaintiff seeks to represent in this action; thus all fail any application of the executive exemption.

33.     Plaintiff's primary duties and responsibilities were office related administrative tasks which were routine, and lacked any authority or discretion to make decisions which bind the company or create, modify or institute company policies.

34.     Moreover, Plaintiff had no discretion or authority to hire, fire or discipline any other employees, nor was she involved with any decisions on hiring or interviewing new employee candidates, or firing or disciplining or setting the compensation rates of any employees.

35.     In July 2022, Defendant made a representation to Plaintiff and all other office staff employees that they were now being classified as "salaried exempt employees", as if prior to that announcement they were classified as salaried non-exempt.

36.     Thus, in the alternative, Plaintiff pleads and claims that Defendant just willfully refused to pay overtime premiums to her and all others similarly situated when they were classified as salaried non-exempt prior to July 2022, and despite knowledge that she other PM were working greater than 40 hours routinely during their workweeks.

37.     Defendants willfully engaged in a scheme to avoid paying overtime wages by discouraging reporting of work hours and by factual misrepresentations and omissions and other misleading statements about the FLSA compliance with the FLSA or eligibility for overtime pay.

38.     Plaintiff is not a licensed, educated or degreed professional, or real estate broker, and no such degree, education, diploma, license or certification was required for a plaintiff to be hired in the position of property manager.

39.     Further, the properties involved are mere single family homes which are marketed and offered to the public as vacation homes, like AIRBNB  for instance, not apartment complexes, multi unit buildings, or commercial buildings.

40.     Defendants treat all PM the same in all respects as to compensation and pay policies, and the assignment of work for all properties/ homes locations in a single, unified and standardized position with identical job duties and responsibilities, aka, job requirements.

41.     Plaintiff is neither by any educational requirement, licensure, or certification, a property manager, and upon information and belief, none of the people filling these positions are required to be licensed, educated, certified or degreed property managers.

42.     Throughout Plaintiff's employment as an Property Manager, she routinely was required to work in excess of 40 hours per week without being paid or compensated any premium pay for said hours.

43.     In order to complete the work and job requirements including responding to vacationer needs, and property owner needs,  Plaintiff Price routinely had to work more than 8 hours in each day and more than 40 hours routinely each week.

44.     Plaintiff also was expected and required to be "on call" and handle phone calls, emails, text messages from the property (home) owners, vacationers, and from other clearing and maintenance employees and workers , outside business

hours and he scheduled 40 hours,  including evenings and weekends, and her days off.

45.    Defendants did not have the Plaintiff or all other PM clock in and out her actual work hours.

46.    Plaintiff was misled by management to believe that she was not entitled to be paid overtime premiums, and thus their company pay practices and instructions against reporting her actual hours worked was of no consequence or concern, as she knew that she was not going to be paid for this time and relied upon Defendants representations and actions that they were in compliance  with the FLSA..

47.    Plaintiff's  managers/supervisors,  including  Defendant  Roelens himself, knew she and the other PM worked more hours than had to work more than 40  hours routinely each week to keep up with all their job requirements, including the on-call work.

48.    Thus Defendants knew that it was violating the time keeping requirements of the  FLSA and the regulations found at 39 CFR Part 516 before theyWe announced that everyone was now salaried exempt employees, as well as violating the overtime pay requirements of the FLSA.

49.    Plaintiff's managers/supervisors and Defendant Roelens knew that Plaintiff and other PM as well were routinely working more than 40 hours in a week, including working in evenings, days off and and weekends and beyond the standardized corporate 8 hour schedule work days.

50.    Plaintiff accepted representations from management that its pay practices were lawful and that she was not entitled to be paid overtime premiums, until Plaintiff learned about the related lawsuit of **_Moore v. Go Florida Investments Inc.,_** CASE NO 2:23-cv-00017-SPC-NPM.

51.    Defendants have for many years maintained a scheme to avoid paying and violate the overtime wage requirements and obligations of the FLSA by willfully misclassifying all PM as exempt and alternatively misleading all PM to believe that simply by paying them a salary they were exempt and not entitled to overtime premiums.

52.    Defendants are also no stranger to willfully violating the FLSA, as they are also the subject of another FLSA action for similar pay violations in the matter of **Hill v. Go Florida Investments Inc**., Case No. 2:23-cv-00053-SPC-KCD, and **_Moore v. Go Florida Investments Inc.,_** CASE NO 2:23-cv-00017-SPC-NPM.

53.    For purposes of the collective action, Plaintiff Price by this Complaint, gives her written consent to be a party to this action pursuant to 29 U.S.C. §216(b).

54.    At all times relevant to this action, Defendants were an employer of Plaintiff and all other laborers and piece rate pay workers of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

## COLLECTIVE ACTION ALLEGATIONS

55.    Plaintiff brings this action individually and on behalf of all others similarly situated who worked as property managers or persons who performed similar roles or jobs under any other title as a collective action pursuant to the Fair Labor Standards Act.  29 USC §216(b).

56.    Plaintiff believes that there are 100 to 200 or more individuals in the defined class within the three (3) year relevant class period.

57.    Plaintiff will fairly and adequately protect the interests of the putative Class of similarly situated piece rate workers, and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

58.     A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

59.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendants will retain the proceeds from its violations of the FLSA.

60.     Furthermore, even if any member of the Class could afford individual litigation against the Defendants, it would be unduly burdensome to the judicial system.   The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

61.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

## COUNT I
## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

62.     Plaintiff adopts and re-alleges the foregoing paragraphs as if fully asserted herein.

63.     All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

64.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

65.     However, and to the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

66.     With respect to an employee subject to the FLSA provisions, the following records must be kept:

    a   Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b   Hour and day when workweek begins;

    c   Regular hourly pay rate for any week when overtime is worked;

    d   Total hours worked each workday and each workweek;

    e   Total daily or weekly straight-time earnings;

    f   Total overtime pay for the workweek;

    g   Deductions from or additions to wages;

    h   Total wages paid each pay period; and

    i   Date of payment and pay period covered

67.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist.  See, 29 U.S.C. §215(a)(5); See also, Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

68.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the FLSA.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  See Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir.

1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

69.     An employer's failure to maintain records may create a presumption in the aggrieved employee's favor.  See Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

70.     Defendants have failed to accurately record, track and report the Plaintiff's work hours, and for all others similarly situated as required under the FLSA and its regulations.

71.     Defendants have failed to make, keep and preserve records, with respect to each of its employees records sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

72.     Plaintiff thus may establish the amount of unpaid overtime hours due to her by her estimation and testimony.

73.     Defendants otherwise then have the burden to prove the actual and precise hours worked by Plaintiff and all other similarly situated who opt into this action pursuant to the US Supreme court's Holding in *Anderson v. Mt. Clemens Pottery Inc*.

## COUNT II
## VIOLATION OF § 207 OF THE FLSA

74.     Paragraphs 1-61 are realleged and incorporated as if fully set forth herein.

75.     At all relevant times, Defendants employed Plaintiff, and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

76.     Upon information and belief, all PM were paid under a common and similar compensation plan and scheme, comprised of a base salary, and some discretionary bonus, and irrespective of the number of hours they worked.

77.     Defendants' management and Defendant Roelens is well aware that Plaintiff and the PM job, including all other persons working as PM, routinely worked more than 8 full compensable work hours in a day, and more than 40 hours routinely each  week in order to handle and keep up with the job requirements.

78.     Plaintiff and all other PMs were encouraged to work as many hours as necessary to keep up with their job requirements, including working on call during evenings and weekends, and on days off.

79.     Defendants made it clear to Plaintiff they expected her to work more than 40 hours each week, and without any premiums for the overtime hours worked.

80.     Defendants do not instruct, order or command employees to leave at the end of their shift time, nor do they prohibit employees from performing work activities they know piece rate workers are engaging in on behalf of Defendants in the evenings and on weekends.

81.     As a result of Defendants' unlawful pay practices complained of herein, throughout the three (3) year class period to the present, Defendants have willfully stolen hundreds of thousands of dollars or more in wages from its employees.

82.     Defendants knowingly and willfully failed to pay Plaintiff and all other members of the Class, overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendants above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

83.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

84.     Defendants are well aware that in order to meet goals, job completion times and to complete and perform their job duties to the expectations of Defendants, PM must work more than forty (40) hours in a workweek routinely.

85.     Defendants engaged in a scheme to avoid paying overtime wages by misclassifying the PM position as exempt, and by misleading Plaintiff and other PM that by paying them a salary they were exempt or that they otherwise met some exemption under the FLSA which precluded their entitlement to overtime pay.

86.     Any questions about the Defendants' pay practices and refusal to pay overtime wages was ignored, or resulted in misleading statements about the FLSA.

87.     Defendants knew that the job requirements assigned to PM would result in these employees working more than forty (40) hours routinely in order to meet goals, job and work requirements and respond to the property owners and vacationers and other employees cleaning the properties or homes.

88.     Defendants willfully failed and refused to pay Plaintiff and all other similarly PM a premium for all overtime hours worked.

89.     Defendants cannot and do not have a good faith basis under the FLSA for its willful actions and conduct of refusing and failing to pay Plaintiff and all similarly situated workers lawful rates for all overtime hours worked over 40 hours in each and every workweek.

90.    Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

91.    Due to Defendants' willful FLSA violations, Plaintiff alleges on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, plus an equal sum as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

92.    Plaintiff and the class of similarly situated have suffered financial harm and loss of monies owed to them as a direct and proximate result of Defendants' unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, DOREEN PRICE, individually and behalf of all others similarly situated prays for:

a.    An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated

individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of GO FLORIDA INVESTMENTS INC. any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b.     An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c.     That the Court find Defendants in violation of the overtime compensation provision of the FLSA and that the Court find that Defendants' violations of the FLSA were and are willful;

d.     That the Court award Plaintiff Thompson and the putative Class of all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours in each and every workweek at correct and lawful rate of pay during the past three (3) years, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

e.  That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action, and appoint DOREEN PRICE as class representative for all those similarly situated with the authority to negotiate on behalf all opt in plaintiffs; and

f.  That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed January 26, 2023.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.:  0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email:Mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff and the class*
*of similarly situated*