# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DOREEN PRICE, *individually and on Behalf of all others similarly situated,*

    Plaintiff,

V.

                                            Case No: 2:23-cv-00063-JLB-NPM

GO FLORIDA INVESTMENTS INC.,
d/b/a Roelens Vacation Rentals and
Management, Roelens Vacations, and
Roelens Realty and Project Management and
KOEN ROELENS,

    Defendants.

_____.

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS THIS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff DOREEN PRICE, and Opt-In Plaintiffs (individually "Plaintiff" or together with Opt-In Plaintiffs, the "Plaintiffs") and Defendants GO FLORIDA INVESTMENTS INC., d/b/a Roelens Vacation Rentals and Management, Roelens Vacations and Roelens Realty and Project Management and KOEN ROELENS (collectively "Defendants"), hereinafter collectively referred to as the "Parties," by and through the undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss this Action with Prejudice and Incorporated Memorandum of Law, and state the following:

1. Plaintiff filed the instant collective action alleging unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") (DE 1). Donna Arcella and Petra Erbes joined this action as opt in plaintiffs. DE 3, 11.

2. Defendants opposed these claims, raising disputes regarding the following issues: 1) the wages alleged to be owed to Plaintiffs; 2) the number of hours worked by Plaintiffs; 3) whether Plaintiffs had already been paid for all hours worked; 4) Plaintiffs' allegation that Defendants willfully violated the FLSA; and 5) the FLSA exemption status of Plaintiffs.

3. Through their counsel, the Parties attended mediation on 06/06/2023, engaged in good faith settlement discussions and were able to reach a settlement of the claims at issue. DE 15.

4. Based on these discussions and the analysis and exchange of information regarding Plaintiffs' job duties and time and days worked for Defendants, the Parties stipulate and represent that there is a bona fide dispute between the Parties regarding the merits of Plaintiffs' case and the back wages and other damages and relief claimed therein.

5. Based on the facts and arguments discussed and presented between the Parties, Plaintiff and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

6. The Parties have agreed to a settlement of Plaintiffs' claimed overtime wages. A copy of the Settlement Agreement is attached as Exhibit A.

7. Defendants have agreed to pay the Plaintiffs, as per the Settlement Agreement, the following amounts

   a. Defendants shall pay Plaintiff Doreen Price the sum of Five Thousand, Five Hundred, and Four and 72/100 Dollars ($5,504.72), with $2,752.36 being paid as W-2 wages and $2,752.36 being paid as liquidated damages as 1099 miscellaneous income;

   b. Defendants shall pay Opt-In Plaintiff Donna Arcella the sum of Eight Thousand, One Hundred, and Twelve and 69/100 Dollars ($8,112.69), with $4,056.35 being paid as W-2 wages and $4,056.35 being paid as liquidated damages as 1099 miscellaneous income; and

   c. Defendants shall pay Opt-In Plaintiff Petra Erbes the sum of Three Hundred and Eighty-Two and 59/100 Dollars ($382.59), with $191.29 being paid as W-2 wages and $191.29 being paid as liquidated damages as 1099 miscellaneous income.

8. This represents a combined payment for all amounts alleged by Plaintiffs to be owed, to include all alleged overtime wages and liquidated damages, and is an amount which represents a fair and reasonable compromise between the Parties, and which the Plaintiffs have accepted.

9. The Parties then reached a compromise and negotiated a separate agreement on the amount of Plaintiffs' attorney's fees and costs, pursuant to which Defendants have agreed to pay Plaintiffs' counsel the sum of Fourteen Thousand, Five Hundred and Two and XX/100 Dollars ($14,502.00), to cover attorney's fees and costs that were incurred by Plaintiffs' counsel based upon hourly fees and pursuant to the mandatory fee requirements of the FLSA. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiffs, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiffs for their claimed unpaid overtime wages.

10. The Settlement Agreement will result in Plaintiffs receiving a payment within fourteen (14) days of court approval of the settlement agreement or by a court order dismissing this action, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation. The Settlement Agreement further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

## **MEMORANDUM OF LAW**

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before approving an FLSA settlement, a court must scrutinize the settlement to determine if it constitutes a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve it. *Id*.

### A. Plaintiffs' Recovery is Fair and Reasonable

In the instant matter, the Parties stipulate that the issue of Plaintiffs' recovery was negotiated independently, at arm's length and resolved to the Plaintiffs satisfaction. The Plaintiffs could have chosen to continue in litigation but elected to compromise their claims and resolve this bona fide dispute. The amount of Plaintiffs' recovery represented a compromise based upon a bona fide dispute as to the issues of whether wages are owed to Plaintiffs; the number of hours worked by Plaintiffs; whether liquidated damages should be imposed; and whether Plaintiffs were exempt from the FLSA.

In this case, Plaintiffs were classified and treated as exempt employees and their work hours were not properly tracked by Defendants. Defendants disputed the claims and the number of hours allegedly worked. Nevertheless, without admitting any fault or liability, the Parties came to this compromise to avoid the time, expense, and uncertainty with litigation. Plaintiffs also take into consideration that she could have been awarded zero if litigation proceeded.

At mediation, Defendants agreed to pay the Plaintiffs a total sum of

$14,000.00 to resolve their overtime wage claims. This amount was then pro-rated amongst the Plaintiffs based on their own individual estimates of unpaid overtime wages. The sum Defendants agreed to pay represents both a complete payment of the whole amount of unpaid overtime wages Plaintiffs estimated they were owed, plus some amount of money in recovery of the liquidated damages claim, and thus is an amount which represents a fair and reasonable compromise between the Parties.

Lastly, the Settlement Agreement here contains neither a general release nor a confidentiality agreement. *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012)("Pervasive, overly broad releases have no place in settlements of most FLSA claims."); *Gamble v. Air Serv Corp.*, 247 F. Supp. 3d 1302 (N.D. Ga. 2017) (striking confidentiality provision as it was in contravention of "the purpose of the FLSA and the public's interest").

## B. The Attorney Fees Here Were Negotiated Independently of Plaintiffs' Recovery

In regard to attorney's fees and costs, scrutiny is not required where the parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla. 2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id.*

6

"Moreover, the amount of attorney fees is not unreasonable on its face and further scrutiny appears unnecessary". *DeGraff v. SMA Behavioral Health Servs.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013); cited by *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 5491 (M.D. Fla. Jan. 10, 2023) approved at: *August v. Atlarge, Inc.*, No. 8:22-cv-2325-CEH-TGW, 2023 U.S. Dist. LEXIS 17051 (M.D. Fla. Feb. 1, 2023).

At mediation, after the Parties came to an agreement on the sum of wages to be paid, they agreed on a sum for the attorney's fees, including the costs, separately and without regard to the amount paid to the Plaintiffs. The attorney's fees in this case were agreed upon separately and without regard to the amount to be paid to Plaintiff, and in no way affected the amount of wages separately and first agreed to be paid by Defendants to the Plaintiff for her claimed unpaid overtime wages. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (MDFL 2009), cited by *Finnell v. Top 1% Coaching, Ltd. Liab. Co.*, No. 2:19-cv-485-FtM-29NPM, 2020 U.S. Dist. LEXIS 268237, at *4 (M.D. Fla. Nov. 17, 2020) ("The Court finds that since the settlement appears reasonable on its face and the fees appear reasonable in light of the litigation in this case, no further scrutiny is required as to attorney fees."). The amount for attorney's fees was a negotiated compromise from the total lodestar fees, reached with mediator assistance, and thus represents a fair and reasonable sum on its face.

The Settlement will result in Plaintiffs receiving a payment within 14 days of the Court approving this settlement, as opposed to waiting for a possible payment at an unknown future date if the Parties pursued litigation, and further allows the Parties to put this case and all issues related to Plaintiffs' employment behind them so that they can eliminate the distractions of litigation and focus on other matters.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement, dismissing this action with prejudice and granting such further relief as this Court deems just and proper.

Respectfully submitted July 6, 2023.

| | |
|---|---|
| By: */s/ Mitchell L. Feldman*<br>Mitchell L. Feldman, Esq.<br>FBN: 080349<br>mfeldman@flandgatrialattorneys.com<br>**Feldman Legal Group**<br>6916 W. Linebaugh Ave.<br>Suite 101<br>Tampa, FL 33625<br>Telephone: (813) 639-9366<br>Facsimile:  (813) 639-9376<br>*Attorney for Plaintiff and others similarly situated* | By: */s/ Charles Brady*<br>Charles Brady<br>Counsel for Defendants<br>Florida Bar No. 1010350<br>Charles@CharlesBradyLaw.com<br>**Charles Brady Law, PLLC**<br>360 Central Ave. \| Suite 800<br>Saint Petersburg, FL 33701<br>Tel.: (727) 623-6914 |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system on this date. Parties may also obtain a copy directly from the CM/ECF system.

*/s/ Mitchell L. Feldman, Esquire*
Mitchell L. Feldman
Florida Bar No. 080349
Feldman Legal Group
6916 W. Linebaugh Avenue, #101
Tampa, Florida 33625
Tel: 813-639-9366
Fax: 813-639-9376
mfeldman@flandgatrialattorneys.com